UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

CAMBRIEL CUNNINGHAM,

      Plaintiff,

v.

PAUL SCHULTZ, individually,

      Defendant.
_____/

## COMPLAINT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against PAUL SCHULTZ, individually.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

## PARTIES

3. Plaintiff CAMBRIEL CUNNINGHAM is a resident of Broward County, State of Florida.

4. At all times referred to herein, Defendant PAUL SCHULTZ [hereinafter Defendant SCHULTZ] was acting under color of law as a deputy sheriff for Scott J. Israel, as Sheriff of Broward County, Florida.

5. Plaintiff sues Defendant SCHULTZ in his individual capacity.

## FACTS

6. On April 21, 2015, Defendant SCHULTZ, Matthew Robertson and Yanessa Ayra were working with the Broward Sheriff's Office Crime Suppression Team in Dania Beach, Broward County, Florida.

7. At approximately 9:00 pm, Defendant SCHULTZ and Robertson were in an unmarked car when they observed a motor vehicle occupied by persons with a history of narcotics related offenses.

8. Defendant SCHULTZ and Robertson stopped the motor vehicle for an alleged seat belt violation. They were subsequently joined by Broward Sheriff's Deputy Yanessa Ayra.

9. During the traffic stop, Defendant SCHULTZ and Robertson observed Travis Slade (hereinafter "Slade") west of their position on the sidewalk across the street from the location of the stop.

10. Slade was recording the traffic stop on his cell phone video camera.

11. Defendant SCHULTZ directed Slade to stop recording– allegedly because the light from the cell phone video camera "impair[ed]" his "night vision."

12. Slade allegedly refused to stop recording and moved further east along the sidewalk, across the street from the traffic stop.

13. Defendant SCHULTZ then arrested Slade.

14. Following Slade's arrest, a group of 12-15 persons, including Plaintiff, congregated east of the traffic stop and arrest near the sidewalk on the north side of the roadway (i.e., across the street and east of the original traffic stop).

15. Several persons, including Plaintiff, used their cell phone video cameras to record the

incident.

16. Additional backup units were requested and arrived on scene.

17. As Plaintiff was standing on (or near) the sidewalk across the street and east of the incident location, Defendant SCHULTZ pointed his firearm at Plaintiff and stated "I'll shoot you."

18. Plaintiff responded: "Well, shoot me, you've got a lot of cameras."

19. The next day, Plaintiff made a complaint to Kevin Granville, the captain of the Broward Sheriff's Office Dania Beach District, concerning the conduct of Defendant SCHULTZ.

20. On or about April 25, 2015, in retaliation for Plaintiff's complaint, and in an effort to justify his improper conduct towards Plaintiff, Defendant SCHULTZ submitted a probable cause affidavit to prosecuting authorities falsely alleging that Plaintiff committed the misdemeanor offense of obstruction of justice.

21. The probable cause affidavit prepared by Defendant SCHULTZ for submission to prosecuting authorities contained false statements and material omissions.

22. The probable cause affidavit prepared by Defendant SCHULTZ for submission to prosecuting authorities contained materially false statements, insofar as the probable cause affidavit falsely alleged that Plaintiff and two other individuals approached Defendant SCHULTZ on foot "holding bright lights which were pointed at detectives," when in fact, as Defendant SCHULTZ knew, Plaintiff remained across the street and was using a cell phone video camera with a built-in light.

23. The probable cause affidavit prepared by Defendant SCHULTZ for submission to prosecuting authorities contained material omissions, insofar as the probable cause affidavit omitted the material fact that Defendant SCHULTZ pointed his firearm at Plaintiff (and threatened to shoot Plaintiff) in retaliation for Plaintiff use of his cell phone video camera.

24. Based on the false statements and material omissions, Plaintiff was charged by information with obstruction of justice, to wit, "in that said Defendant did shine a light in the direction of Detectives causing their vision to be impaired . . . ."

25. On August 23, 2016, the case of *State of Florida v. Cambriel Cunningham* proceeded to trial before the Honorable Melinda Brown, Broward County Court Judge.

26. Following a non-jury trial in which Defendant SCHULTZ admitted pointing his gun at Plaintiff, Judge Brown found Plaintiff not guilty.

27. The conduct of Defendant SCHULTZ, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FIRST AMENDMENT RETALIATION CLAIM AGAINST
### DEFENDANT SCHULTZ, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
(for conduct occurring on April 21, 2015)

For his cause of action against Defendant SCHULTZ, individually, in Count I, Plaintiff states:

28. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 27.

29. At all times material hereto, it was clearly established law that "the First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000).

30. Defendant SCHULTZ pointed his firearm at Plaintiff and threatened to shoot Plaintiff in retaliation for Plaintiff using his cell phone video camera to record Defendant SCHULTZ while Defendant SCHULTZ was on public property.

31. The conduct of Defendant SCHULTZ, in pointing a firearm and Plaintiff and

threatening to shoot Plaintiff, would likely deter a person of ordinary firmness from using their cell phone video camera (and camera light) to record police officers.  The conduct of Defendant SCHULTZ towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

32.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

33.    As a further direct and proximate result of the conduct of Defendant SCHULTZ, Plaintiff suffered mental anguish and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

  i.    Judgment for compensatory damages in excess of $ 15,000 dollars;
  ii.   Judgment for exemplary damages;
  iii.  Cost of suit;
  iv.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;
  v.    Trial by jury as to all issues so triable; and
  vi.   Such other relief as this Honorable Court may deem just and appropriate.

### COUNT II
### FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT SCHULTZ, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
(for conduct occurring <u>after</u> April 21, 2015)

For his cause of action against Defendant SCHULTZ, individually, in Count II, Plaintiff states:

34.    Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 27.

35. At all times material hereto, it was clearly established law that "the First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000).

36. At all times material hereto, it was clearly established law that the First Amendment protects the right to persons to petition all branches of the government for redress of grievances, free of retaliation. *California Motor Transport Co. v. Trucking Unlimited*, 92 S.Ct. 609, 611-612 (1972).

37. In retaliation for Plaintiff's use of his cell phone video camera and Plaintiff's complaint to Kevin Granville, Defendant SCHULTZ submitted a probable cause affidavit to prosecuting authorities charging Plaintiff with the misdemeanor offense of obstruction of justice in the absence of probable cause that Plaintiff committed any criminal offense.

38. The conduct of Defendant SCHULTZ, as set forth herein, would likely deter a person of ordinary firmness using their cell phone video camera (and camera light) to record police officers. The conduct of Defendant SCHULTZ towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

39. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

40. As a further direct and proximate result of the conduct of Defendant SCHULTZ, Plaintiff suffered mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT III
### MALICIOUS PROSECUTION AGAINST DEFENDANT SCHULTZ, INDIVIDUALLY

For his cause of action against Defendant SCHULTZ, individually, in Count III, Plaintiff states:

41. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 27.

42. No reasonably cautious police officer in the position of Defendant SCHULTZ would have believed Plaintiff was guilty-in-fact of any criminal offense.

43. Defendant SCHULTZ proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by submitting a probable cause affidavit to prosecuting authorities containing false statements and material omissions necessary to a finding of probable cause.

44. The conduct of Defendant SCHULTZ, individually, was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff was justified.

45. At all times material hereto, Defendant SCHULTZ knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

46. The criminal proceedings instituted or continued by Defendant SCHULTZ reached

a bona fide resolution in Plaintiff's favor.

47. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation and mental suffering.

48. As a further direct and proximate result of the conduct of Defendant SCHULTZ, individually, Plaintiff suffered mental anguish and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i. Judgment for compensatory damages in excess of $ 15,000 dollars;

ii. Judgment for exemplary damages;

iii. Cost of suit;

iv. Trial by jury as to all issues so triable; and

v. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

49. Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this    31st    day of March, 2017.

By:  *s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:   (954) 522-1176
*Attorneys for Plaintiff Cambriel Cunningham*